**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| MARC LEVESQUE, | ) | No.  EDCV 08-1004 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

### I. BACKGROUND

Plaintiff Marc Levesque was born on September 3, 1982, and was twenty-five years old at the time of his administrative hearing. [Administrative Record ("AR") 19, 96.]  He has a high school education and past relevant work experience as a pizza delivery person and

housekeeper. [AR 16, 120.]  Plaintiff alleges disability on the basis of mental illness, psychosis, depression, leg pain, paranoia and hallucinations. [AR 115.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on July 22, 2008, and filed on August 5, 2008.  On February 2, 2009, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 15, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on September 8, 2005, alleging disability since November 1, 2004. [AR 8.] After the applications were denied initially and on reconsideration, plaintiff requested an administrative hearing, which was held on November 28, 2007, before Administrative Law Judge ("ALJ") Jay E. Levine. [AR 19.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff, third party witness Donna Warren, and vocational expert David Rinehart. [AR 19.]  The ALJ denied benefits in a decision issued on January 11, 2008.  [AR 8-18.]  When the Appeals Council denied review on June 21, 2008, the ALJ's decision became the Commissioner's final decision.  [AR 1-3.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**V.   DISCUSSION**

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to

4

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that plaintiff had "severe" impairments, namely amphetamine abuse, alcohol dependence, and a depressive order not otherwise specified (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 10-11.] Plaintiff was found to have an RFC for "a full range of work at all exertional levels; however, he is precluded from work on dangerous machinery, or work that entails quotas, such as piece work, or work that requires high production." [AR 11.] The vocational expert testified that a person with Plaintiff's limitations could perform Plaintiff's past relevant work as a pizza delivery person and housekeeper (step four). [AR 16.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 17.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed issues:

1.   Whether the ALJ properly considered the opinion of Dr. Imelda Alfonso, a treating physician;

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1  2. Whether the ALJ properly considered Plaintiff's residual functional capacity;
2  3. Whether the ALJ properly considered the mental and physical demands of Plaintiff's past relevant work; and
3  4. Whether the ALJ posed a complete hypothetical question to the vocational expert.

[JS 3-4.]

**D.   ISSUES ONE, TWO AND FOUR: DR. ALFONSO**

On March 26, 2007, Plaintiff underwent an Adult Psychiatric Evaluation conducted by Dr. Alfonso. [AR 267-68.] Dr. Alfonso took a psychiatric history, which noted that Plaintiff had three prior psychiatric hospitalizations and a history of alcohol abuse. [Id.] Dr. Alfonso observed that Plaintiff had a "depressed," "anxious," and "constricted/restricted" mood or affect but was "within normal limits" in other areas, such as appearance, behavior and speech. [AR 268.] Dr. Alfonso made a diagnosis of Bipolar Disorder not otherwise specified, prescribed Celexa and Seroquel, and referred Plaintiff to a "permanent psychiatrist" for follow up. [AR 268, 271, 273.] On July 11, 2007, Plaintiff had a Medication Visit with Dr. Alfonso, who noted that Plaintiff was "currently running out of medication." [AR 266.] Plaintiff "claimed to be doing better on medications" and reported "mood swings have decreased." [Id.] Dr. Alfonso concluded that Plaintiff was "stabilizing on meds" and prescribed a refill. [AR 266, 273.]

On September 12, 2007, Dr. Alfonso completed a Work Capacity Evaluation (Mental), rating Plaintiff's limitations in several areas of mental functioning as related to Plaintiff's ability to work. [AR 309-10.] In response to the questions, Dr. Alfonso check-marked

"extreme" limitations in almost all areas. [Id.]  When asked whether Plaintiff is a malingerer, Dr. Alfonso check-marked "no"; when asked whether Plaintiff's condition could be expected to last at least twelve months, Dr. Alfonso check-marked "yes"; and when asked how many days per month on average that Plaintiff would miss work, Dr. Alfonso check-marked "3 days or more." [AR 310.]

The ALJ gave "little weight" to Dr. Alfonso's opinion, initially noting that it had been prepared at the request of Plaintiff's attorney. [AR 15.]  The ALJ stated that Dr. Alfonso's responses to the Work Capacity questionnaire were given "reduced weight because they are hyperbolic limitations without further explanation, contained in a form consisting largely of checked boxes that was formulated by the claimant's attorney." [Id.]  The ALJ further stated that "although the record is fraught with evidence regarding the claimant's multiple substances abuse, the doctor fails to even mention it or opine on the effect drugs and/or alcohol have on the claimant." [Id.]  Finally, the ALJ found that at the time the evaluation was completed, "Dr. Alfonso could not have been considered a treating doctor after only two sessions, four months apart," and that the initial March 2007 evaluation noted that Plaintiff was "within normal limits" in almost all areas of Dr. Alfonso's observation, including appearance, behavior and speech. [Id.]

In the instant Joint Stipulation, Plaintiff contends that the ALJ's rejection of Dr. Alfonso's opinion is not supported by substantial evidence [JS 3-4 (Issue One)], that the determination of Plaintiff's residual functional capacity should have taken into account Dr. Alfonso's opinion [JS 7-8 (Issue Two)], and that the hypothetical question asked to the vocational expert should have

accounted for Dr. Alfonso's findings [JS 14-15 (Issue Four)].  None of these claims has merit.

It is well-settled that the opinion of a treating physician is entitled to deference in the Commissioner's disability determination, but the opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. <u>Magellanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, the Commissioner may reject a treating physician's opinion that is "brief and conclusionary" in the form of a "checklist" with "little in the way of clinical findings to support that conclusion that appellant was totally disabled."  <u>Batson v. Commissioner of Social Sec. Admin.</u>, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004); <u>see also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874-875 (9th Cir. 2003) (holding that the ALJ did not err in rejecting the controverted opinion of a treating physician whose restrictive functional assessment was not supported by treatment notes); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001)(stating that a physician's opinion may be "entitled to little if any weight" where the physician "presents no support for her or his opinion").  In this case, Dr. Alfonso's opinion, contained in a form consisting solely of checked boxes, was conclusory and contained limitations unsupported by Dr. Alfonso's own sparse treatment notes or other clinical evidence in the record. Accordingly, substantial evidence supported the ALJ's decision not to credit Dr. Alfonso's opinion in the disability evaluation, as well as the determination of Plaintiff's RFC and the formulation of the

hypothetical question posed to the vocational expert.

**E.   ISSUE THREE: PAST RELEVANT WORK**

Plaintiff also asserts that the ALJ did not properly consider Plaintiff's ability to return to his past relevant work because the decision "failed to consider any of the actual physical or mental demands of the plaintiff's past relevant work as required to do by law." [JS 11.] Plaintiff cites Social Security Ruling ("SSR") 82-62, 1982 WL 31386, which provides, in pertinent part, that at step four of the five-step evaluation, "past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." SSR 82-62 at *3; see also Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (holding that the step four finding must include "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work").

Although Plaintiff does not specifically assert how the ALJ's RFC finding conflicts with the physical and mental demands of Plaintiff's past relevant work, the record establishes that the step four finding was supported by substantial evidence. The ALJ cited both Plaintiff's testimony regarding the demands of his past jobs as pizza delivery person and housekeeper, as well as the vocational expert's testimony that a person with Plaintiff's RFC could perform those jobs as they are generally performed in the national economy, consistent with the Dictionary of Occupational Titles, to determine that Plaintiff could return to those jobs. [AR 16, 27-28, 51.] See SSR 82-62 at *3 ("The claimant is the primary source for vocational documentation, and

statements by the claimant regarding past work are generally sufficient for determining the skill level"); Pinto, 249 F.3d at 845 (instructing that the DOT is considered the "best source for how a job is generally performed" in the national economy). Accordingly, this claim is without merit.

## V. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED.**
2. This action is **DISMISSED WITH PREJUDICE.**
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 29, 2009

```
            _____/S/_____
                  CARLA M. WOEHRLE
                United States Magistrate Judge
```